**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alpine Investors IV SBIC LP, et al., | No. CV-20-00840-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Rhett Smith, et al., | |
| Defendants. | |

The Court has reviewed the parties' stipulation to transfer the removed claims in this matter to the U.S. Bankruptcy Court for the Eastern District of Tennessee. (Doc. 7.) Although it seems inevitable that the removed claims will ultimately wind up in that court, and although the Court is hesitant to take any action that would inject needless expense or delay into these proceedings, the Court has concern about its authority to effectuate the requested transfer. The statute on which the transfer request is premised, 28 U.S.C. § 1412, provides that "[a] district court may transfer a case or proceeding under title 11 *to a district court for another district*, in the interest of justice or for the convenience of the parties." *Id.* (emphasis added). The statute, in other words, suggests the Court only has the authority to transfer the removed claims to the U.S. *District* Court for the Eastern District of Tennessee, at which point the parties would need to undertake additional efforts to have the removed claims referred to the U.S. *Bankruptcy* Court for the Eastern District of Tennessee.

Notwithstanding this, the motion to transfer (Doc. 5), which has now been

superseded by the stipulation, cites *Hacienda Heating & Cooling, Inc., v. United Artists Theatre Circuit, Inc.*, 2009 WL 8238063, *3 (D. Ariz. 2009), for the proposition that 28 U.S.C. § 1412 authorizes a district court in one state to directly transfer a case or claims to a bankruptcy court in other state if all parties consent, because a contrary approach would result in "tortuous and pointless" inefficiencies.  The Court is not persuaded that *Hacienda Heating & Cooling* is correct on this point.  The consent of the parties is ordinarily insufficient to empower a district court to engage in conduct not authorized by the plain language of a statute.  *See, e.g., Domain Protection, LLC v. Sea Wasp, LLC*, 2018 WL 5809298, *4 (N.D. Tex. 2018) ("The text of [28 U.S.C. § 1412] does not allow for a district court to transfer a case directly to a bankruptcy court in another district.  The statute instead allows for transfer to a district court, and the transferee court then may refer a case to a bankruptcy court."); *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1212 (3d Cir. 1991) ("[T]he proper method for transferring the related proceeding to the bankruptcy court . . . is to seek a change of venue in the nonbankruptcy forum pursuant to 28 U.S.C. § 1412 . . . .  After the related proceeding is *transferred to the district court* wherein the [bankruptcy] case is pending, then pursuant to 28 U.S.C. § 157(a), the related proceeding may be referred to the bankruptcy court actually hearing the [bankruptcy] case.") (emphasis added).

Finally, the removing party in this case did not file a copy of the state-court complaint as an attachment to the removal notice.  (Doc. 1.)  LRCiv 3.6(b) provides that "[t]he removing party must file copies of all pleadings . . . that were previously filed with the state court."  The Court is aware that the state-court complaint may be (or may have once been) filed under seal, but LRCiv 3.6(b) still requires that it be provided.  Additionally, compiling a complete record now may avoid delays and unintended complications after this matter is transferred to a different court outside Arizona.

Accordingly, **IT IS ORDERED** that:

(1) The parties must meet and confer and then file a joint notice, by **May 26, 2020,** addressing whether they wish to modify their stipulated transfer request so that it

stipulates to a transfer to the U.S. District Court for the Eastern District of Tennessee, rather than the U.S. Bankruptcy Court for the Eastern District of Tennessee. If not, the joint notice must identify any additional authority supporting the parties' view that a direct transfer to a bankruptcy court is permissible under 28 U.S.C. § 1412.

    (2)    The removing party must, by **May 26, 2020**, file an amended removal notice that complies with LRCiv 3.6 (or file a notice explaining why the current removal notice is sufficient).

Dated this 19th day of May, 2020.

Dominic W. Lanza
United States District Judge